UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHONN QUINN, Sr., | ) |
| Petitioner, | ) |
| vs. | ) Case number 4:05cv1171 TCM |
| CHUCK DWYER, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

The 28 U.S.C. § 2254 petition of Arthonn Quinn, Sr. ("Petitioner"), a Missouri prisoner, for federal habeas corpus relief is before the undersigned United States Magistrate Judge for a final disposition pursuant to the parties' written consent. See 28 U.S.C. § 636(c).

## Background

Petitioner was initially charged with first degree robbery and with armed criminal action. (Resp. Ex. A at 7.) In exchange for Petitioner's agreement to plead guilty, the first charge was reduced seventeen months later, in June 2003, to second degree robbery. (Id. at 8-9, 12-14.) Petitioner remained charged with armed criminal action and was additionally charged with being a prior and persistent offender. (Id. at 10-11.) The plea agreement provided that a fifteen-year sentence on the robbery charge and a concurrent, three-year sentence on the armed criminal action charge was an appropriate disposition. (Id. at 12.) The parties further agreed that the following facts would be proven at trial, beyond a reasonable doubt, by the State: "On September 20, 2001 at 10:00 am at the Payless Shoe Store . . .

[Petitioner] took a pair of new shoes out of the store without paying for them. As Security Officer Edwin Wyatt attempted to stop [Petitioner], he brandished a knife." (Id. at 13, alterations added.)

The same day he signed this plea agreement, Petitioner appeared for a change of plea hearing. (Id. at 15-39.) Questioned if he had read the plea agreement and had agreed with it, Petitioner, under oath, replied that he had. (Id. at 20.) At one point in the prosecutor's recitation of the facts, he included an allegation that Petitioner had produced and brandished a knife. (Id. at 23.) Petitioner disagreed with this portion, saying that he never pulled a knife on the security guard. (Id. at 24.) The following exchange then occurred:

> THE COURT: Okay, are you saying you didn't swing the knife?
>
> [Petitioner]: I did not swing that knife on him.
>
> THE COURT: Are you saying that you didn't display the knife?
>
> [Petitioner]: Sir?
>
> THE COURT: Are you saying you did not display the knife?
>
> [Petitioner]: No, I didn't display no knife on that – you know?

(Id. at 25.) These were not, however, the only or last statements that Petitioner made about the knife. After a brief recess was taken during which the attorneys conferred with the judge in chambers, Petitioner admitted to displaying a knife.

> THE COURT: All right, Mr. Quinn, you're still under oath.
>
> [Petitioner]: Yes, sir.

> THE COURT: And I understand your desire for drug treatment caused you to be confused with the facts. Is that correct?
>
> [Petitioner]: Yes.
>
> THE COURT: Now let me ask you again. Did you display a knife?
>
> [Petitioner]: Yes.
>
> THE COURT: Did the circuit attorney say anything that wasn't true?
>
> [Petitioner]: No.

(<u>Id.</u> at 28.)

Petitioner was sentenced as agreed. (<u>Id.</u> at 33-34.)

The next month, Petitioner filed a pro se, post-conviction motion pursuant to Missouri Supreme Court Rule 24.035. (<u>Id.</u> at 43-48.) Appointed counsel amended the motion and requested an evidentiary hearing. (<u>Id.</u> at 49-70.) In April 2004, the court denied the motion without an evidentiary hearing. (<u>Id.</u> at 71-79.)

Petitioner appealed on the grounds that the court had erred in denying his motion without an evidentiary hearing because he had alleged that his attorney was ineffective for (1) not objecting to the lack of a factual basis for his guilty plea and (2) not objecting to the in-chambers and off-the-record discussion during the change of plea proceedings. (<u>Id.</u> at 82; Resp. Ex. B at 9, 11.) Had Petitioner known there was no factual basis for the pleas and that he had the right to be present during the in-chambers conference, he would not have pled guilty and would have insisted on going to trial. (Resp. Ex. B at 9, 11.)

Addressing Petitioner's challenge to the factual basis for his plea, the appellate court specifically found that ". . . the record reflects that [Petitioner] was questioned at length about his plea by the Judge, and that [Petitioner] admitted that he had brandished a knife at the security guard . . . [Petitioner] also agreed that the Circuit Attorney had not said anything that was untrue. Additionally, [Petitioner] answered that he had not been told to lie, nor had he been promised anything in exchange for his plea." (Resp. Ex. D at 4-5, alterations added). The court also rejected Petitioner's argument that his plea lacked a factual basis because his two-inch pocketknife did not satisfy Missouri's statutory definition of a knife.[1] (Id. at 5.) The pocketknife did satisfy the statutory definition of a dangerous instrument as required for second degree robbery.[2] (Id.) Thus, the State did not lack a basis a factual basis for accepting Petitioner's guilty plea and his attorney was not ineffective for not informing him otherwise. (Id. at 6.) And, insofar as Petitioner argued that his plea was not voluntary because he had not been fully informed by his attorney of what the State had to prove to establish his guilt, the court concluded that no showing by Petitioner of counsel's ineffectiveness "would have resulted in a different end to the proceeding." (Id.)

Addressing Petitioner's claim about the in-chambers conference held without his presence, the court found that it had not denied him due process. (Id. at 7.) "The discussion

---

[1] See Mo.Rev.Stat. § 571.010.10 (excluding from the definition of "knife" "any ordinary pocketknife with no blade more than four inches in length").

[2] "Dangerous instrument" is "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious injury." Mo.Rev.Stat. § 556.061.9.

was not a critical stage of the plea proceedings. All of the decisive stages of the plea proceeding were held on the record and in [Petitioner's] presence." (Id.) His absence from the conference had not "deprived him of an opportunity to defend himself against the charges or to obtain a full and fair proceeding." (Id.)

Petitioner now seeks federal habeas relief on the grounds that (1) his trial counsel was ineffective for failing to object to the lack of a factual basis for his guilty plea; (2) his trial counsel was ineffective for failing to object to an in-chambers, off-the-record discussion at which Petitioner was not present; (3) his trial counsel was ineffective for coercing him to plead guilty despite his argument that he had not brandished a knife; and (4) his due process rights were violated because he was not given an evidentiary hearing on his post-conviction motion.

For the reasons set forth below, the Court finds the first three grounds to be without merit and the last to be non-cognizable in this § 2254 proceeding.

## **Discussion**

Grounds One, Two and Three: Ineffective Assistance of Trial Counsel. Title 28 U.S.C. § 2254(d) mandates that a federal court "not grant habeas relief on a claim that was adjudicated on the merits in state court unless 'it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" **James v. Bowersox**, 187 F.3d 866, 869 (8th Cir. 1999) (quoting § 2254(d)(1)), or it "'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,'"

**Evans v. Rogerson**, 223 F.3d 869, 871 (8th Cir. 2000) (quoting § 2254(d)(2)). See also **Weaver v. Bowersox**, 241 F.3d 1024, 1029 (8th Cir. 2001) ("Section 2254(d) distinguishes between two types of erroneous decisions – those of law and those of fact[.]").

The "contrary to" clause and the "unreasonable application" clause have independent meanings. **Williams v. Taylor**, 529 U.S. 362, 405 (2000). "[A] state court decision is 'contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent.'" **Lockyer v. Andrade**, 538 U.S. 63, 73 (2003) (quoting Williams, 529 U.S. at 405-06) (alterations added). "On the other hand, a run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." **Williams**, 529 U.S. at 406 (alteration added). Thus, a state court decision that correctly identifies the controlling legal authority and, applying that authority, rejects a prisoner's claim does not fit within the "contrary to" clause although it might be contrary to a federal court's conception of how that authority ought to be applied in that particular case. **Id.**

Such a state court decision can, however, fit within the "unreasonable application" clause. **Id.** at 407-08. "[W]hen a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case, a federal court applying § 2254(d)(1) may conclude that the state-court decision falls within that provision's 'unreasonable application'

clause." **Id.** at 409 (alterations added). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." **Id.** (alteration added). When making this inquiry, a federal habeas court should note that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." **Id.** at 410. "It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." **Lockyer**, 538 U.S. at 75 (internal quotations omitted). Instead, "the relevant state court decision [must be] both wrong and unreasonable." **Colvin v. Taylor**, 324 F.3d 583, 587 (8th Cir. 2003) (alteration added).

And, "'[t]o the extent that inferior federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness . . . of the state court's treatment of the contested issue.'" **Copeland v. Washington**, 232 F.3d 969, 974 (8th Cir. 2000) (quoting Long v. Humphrey, 184 F.3d 758, 761 (8th Cir. 1999)) (alterations in original). Additionally, "the [state courts'] 'summary nature' of the discussion of [a] federal constitutional question does not preclude application of the [§ 2254(d)] standard." **Brown v. Luebbers**, 371 F.3d 458, 462 (8th Cir. 2004) (alterations added).

The state courts found that Petitioner failed to show that the performance of his trial counsel was deficient and that he was prejudiced by her performance.

It is well established that "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [Strickland v.

Washington, 466 U.S. 668 (1984)].'" **Hill v. Lockhart**, 474 U.S. 53, 56-57 (1985) (quoting Tolett v. Henderson, 411 U.S. 258, 267 (1970)) (alteration added). Consequently, to obtain habeas relief on his first three grounds Petitioner must show that his counsel's performance was deficient, i.e., counsel's representation fell below an objective standard of reasonableness, and that he would not have pleaded guilty and would have insisted on going to trial but for that deficient performance. See **Gumangan v. United States**, 254 F.3d 701, 705 (8th Cir. 2001); **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001); **Witherspoon v. Purkett**, 210 F.3d 901, 903 (8th Cir. 2000). And, "[i]n determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" **Nguyen v. United States**, 114 F.3d 669, 704 (8th Cir. 1997) (quoting Strickland, 466 U.S. at 689) (alteration added). "The prejudice inquiry in such cases 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the *plea process*.'" **Wanatee v. Ault**, 259 F.3d 700, 703 (8th Cir. 2001) (quoting Hill, 474 U.S. at 58).

Petitioner argues that he was unconstitutionally denied the effective assistance of counsel when counsel (a) did not object to the lack of a factual basis for his guilty plea; (b) did not object to the in-chambers, off-the-record discussion at which Petitioner was not present; and (c) coerced Petitioner into pleading guilty regardless of his denial of the factual basis. Petitioner has not, and cannot show, that any of these alleged errors represent a deficient performance or prejudiced Petitioner.

Both his first and third claims of ineffective assistance rely on his allegations that he did not use a knife as required for the offense of second degree robbery. Second degree robbery is committed if the defendant "forcibly steals property." Mo.Rev.Stat. § 569.030.1. It is a felony. Id. If this felony is committed with the "use, assistance or aid of a dangerous instrument," a person has committed the offense of armed criminal action. Mo.Rev.Stat. 571.015.1. Petitioner admitted at the change of plea hearing that he displayed a knife – a $300, surgical blade knife; he admitted in the plea agreement that he had brandished a knife. (Resp. Ex. A at 27, 29.) Indeed, in his pro se post-conviction motion, signed under oath, he argues that he flourished the knife in an attempt to leave the store, and not when stealing the shoes. (Id. at 45.)

The state appellate court concluded that Plaintiff's knife need only satisfy the "dangerous instrument" statutory requirements to support a charge of second degree robbery by use of a dangerous instrument. Clearly, Petitioner's surgical blade knife was capable of causing death or serious injury, see note 2, above. Thus, any objection to the lack of a factual basis would have been without merit. Consequently, Petitioner's ineffective assistance of counsel claims premised on his factual basis argument lack merit. See **Scarberry v. State of Iowa**, 430 F.3d 956, 959 (8th Cir. 2005) (holding that trial counsel cannot be ineffective for failing to make a meritless objection); **Gray v. Bowersox**, 281 F.3d 749, 756 n.3 (8th Cir. 2002) (same).

In his second claim, Petitioner argues that his trial counsel was ineffective for failing to object to an in-chambers, off-the-record conference at which he was not present.

A criminal defendant has the right "tobe present at all stages of the trial where his absence might frustrate the fairness of the proceedings." **Faretta v. California**, 422 U.S. 806, 819 n.15 (1975). Accord **Kentucky v. Stincer**, 482 U.S. 730, 745 (1987). "'[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.'" **United States v. Gagnon**, 470 U.S. 522, 526 (1985) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06, 108 (1934)) (alteration in original). Thus, there is no constitutional right to be present "when presence would be useless, or the benefit but a shadow." **Snyder**, 291 U.S. at 107.

In the instant case, Petitioner's absence from the chambers conference did not frustrate the fairness of the proceeding. Petitioner had several opportunities to decline to plead guilty and proceed to trial. Nor does Petitioner allege how his absence affected the fairness of the proceeding. The state courts' decisions rejecting his second claim are not contrary to or an unreasonable application of Supreme Court precedent.

As discussed above, Petitioner argues in his third claim that his trial counsel was ineffective for coercing him into pleading guilty despite his denial that he used a knife. In addition to the factual basis for this claim lacking merit, Petitioner's own statements at the change of plea hearing defeat his claim. At the hearing, Petitioner was questioned extensively about the voluntariness of his plea and the quality of, and his satisfaction with, his counsel's performance. (See Resp. Ex. A at 28-29, 31, 32.) The record also reflects that Petitioner was informed of the full range of punishment available, that he was being charged with being a prior and persistent offender, and that he was sentenced as outlined in his plea

agreement. Despite several opportunities to do so, Petitioner did not indicate at any point during the proceeding that his counsel failed to meet his expectations. For these reasons and for those discussed above, his third claim is without merit.

Ground Four: Denial of an Evidentiary Hearing. Petitioner also argues that his due process rights were violated when he was denied an evidentiary hearing on his post-conviction motion. Because there is no constitutional right to a state post-conviction proceeding, see **Bell-Bey v. Roper**, 499 F.3d 752, 756 (8th Cir. 2007), "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition," **Gee v. Groose**, 110 F.3d 1346, 1351 (8th Cir. 1997) (interim quotations omitted). Petitioner's fourth, and final, claim is not a cognizable § 2254 claim.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner Arthonn Quinn, Sr.'s 28 U.S.C. § 2254 petition is **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of March, 2008.